Board of Education v. A&S Good afternoon. My name is A&S, the mom of A.B. May it please the court. By October 3rd, the school district had already removed A.B. from more than 10 days for behavior violating the Code of Conduct, triggering I.D.'s requirement to conduct a manifestation determination review and prior written notice. It never did. Instead, the next day, it placed him in a program it admitted could not implement his I.E.B. The S.R.O. correctly found that unlawful. The district court reversed by applying the wrong standard of review and by treating that placement as voluntary. Both conclusions are incorrect. First, the district applied the wrong standard. Whether I.D.T. was an I.A.E.S. required the S.R.O. to weigh facts. Was it temporary? Did it differ from A.B.'s school? And was enrollment voluntary? This was a mixed question. Application of law to detail facts about the removal and placement. Under M.H. and C.F., both precedents decided by this court in 2012, that warrants deference unless the S.R.O.'s reasoning is deficient and the I.H.O.'s reasoning is better. The district court never found any deficiency. It simply substituted its own view and failed to review the record. But even on de novo review, the undisputed record establishes the violation. By October 3rd, even before I.D.T. began, A.B. had already been removed for more than 10 days for that behavior. That triggered I.D.A. safeguards, and that is undisputed. At that moment, I.D.A. required an M.D.R. and prior written notice, but the district did neither. The district said home instruction was the formal recommendation and that I had three lawful options. But that is both factually and legally wrong. Home instruction was staffed by certified, uncertified tutors. The district admitted during the C.S.C. meeting that it could not implement A.B.'s IEP. It would provide no behavioral supports, no counseling, no aid, and would not follow the B.I.P. Is there a difference, though, between whether or not the home instruction was an adequate placement and whether or not it was the placement? I mean, wouldn't there have been an opportunity to challenge home instruction as an adequate placement? Well, the district was required to provide a placement that could implement IEP, but it could provide no services. So I want to make sure I understand the question. Under 34 CFR 300.530D, whenever a district removes a student, they have to remove him to a placement capable of implementing the IEP. And if it does not, that's an automatic fate violation. And I would also add that parents both returned, attempted to return A.B. to M.A.S. on October 2nd, rejecting the placement change, and then also followed up by filing a due process complaint on October 15th. Did you file a state foot order? Yes. On October 15th, a state foot complaint was filed in the due process complaint. The district rejected that and instead justified the removal on safety grounds, suggesting that they considered either home instruction or I.D.T. and I.A.E.S., and they would obtain an order from the I.H.O. determining that it was unsafe to return A.B. But what was actually required under the I.D.A. framework is for the school district to do that first. They first had to obtain the order from the I.H.O. determining that A.B. could be removed to an I.A.E.S. They did it in reverse and then tried to justify it at the end. That was improper. Second, I.D.T. could only implement about 36% of A.B.'s 22 IEP recommendations. Only 36% of the IEPs could be implemented. After 37 days there, I.D.T. staff noted in the records both that he tested at kindergarten level on math and reading assessments and also that his academic deficits were actually triggering behavioral concerns. As I mentioned before, the state foot that was requested was physically blocked when the school district threatened CPS retaliation and did not provide prior written notice before implementing the change in placement. The district's October 2nd letter on appendix page... Excuse me. The appropriate grade given his age would have been what? Second grade. This was happening second grade in 2019. Okay. The district's October 2nd letter admitted that it recognized that both home instruction and I.D.T. were functionally I.A.E.S., the Interim Alternative Educational Setting, because it was temporary. It was an alternative to M.A.S. and it was a place where he went after the behavior was triggered. And it's very important to keep in mind that by October 3rd, the disciplinary change in placement had already been triggered. So at that point, the district should have paused. They should have conducted the manifestation determination review to determine if it was even appropriate to remove him. They knew it at that point. During the CSC meeting, they spent a lot of time explaining why home instruction was inadequate and why it could not implement I.E.P. So they had knowledge that it could not implement I.E.P. in violation of 34 CFR 300.530D. Further, there's no consent here at all. I.D.S. safeguards are mandatory. The M.D.R. could not be waived even if there was consent. But because both options were unlawful, there was nothing for parents to consent to. Furthermore, the district was the one that instigated I.D.T. They introduced it. They referred A.B. there. They transferred his records there. They took the parents there. They participated in the intake. And then they were the cause of the removal and controlled access to whether or not A.B. could return. On top of that, there was a CPS threat that removed any concept of consent whatsoever. And the harm was concrete. Because of that removal, A.B. was excluded from his academic and behavioral supports for over 47 days in second grade for a total of 90 days over a three-year period. And none of that time was made up. Not the time out room or the peace room exclusions, not the suspensions, none of that. So you're saying that the SRO did not err in awarding 37 hours in compensatory education, and the district court did err in not deferring to the SRO decision. That's correct. The SRO evaluated all of those facts, recognized the hours and the days of the exclusion, and granted that award. I'd point out that the SRO only granted one hour for each day that A.B. was in I.D.T., not recognizing that only 36% of the IEP could be implemented there. So there's room for this court and its equitable consideration to grant further relief beyond the 37 hours. But at minimum, that 37 hours should be reinstated. Should be what? Reinstated. Thank you. And we have your argument. Your position is that that's not adequate. It's not adequate, Your Honor. What was not considered was that I.D.T. could not implement about two-thirds of the IEP. So that one hour that the SRO provided was sort of the bare minimum. It considered that some services were provided but did not quantify the amount. And so it was just sort of like a shot in the dark regarding how much should be compensated. I would suggest that on a full review of the record, knowing that only 36% could be implemented would be appropriate to grant more. Thank you very much. Thank you so much. Thank you very much. Well argued. Thank you.